IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN J. THOMAS | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-3899 |
| | : | |
| KIMBERLY-CLARK CORPORATION | : | |

MEMORANDUM AND ORDER

**Kauffman, J.**             November 20 , 2008

Now before the Court are Defendant's Motion for Partial Judgment on the Pleadings and Motion for Judgment Regarding the Proper Scope of Discovery. For the reasons discussed below, the Motions will be granted.

**I. BACKGROUND**

Plaintiff Kevin J. Thomas ("Plaintiff") brings this action against Kimberly-Clark Corporation ("Kimberly-Clark") pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq., "the principles of federal common law arising from ERISA," and Pennsylvania state law. As alleged in the Complaint, Plaintiff was employed by Kimberly-Clark from 1987 to 2005 as a "dry end operator." Compl. ¶ 7. At all times material to this action, Kimberly-Clark provided group disability insurance to its employees through the Kimberly-Clark Corporation Pension Plan ("Defendant" or the "Plan").[1] Id. ¶ 8. From May

---

[1] Although the Complaint lists it as "Defendant," Kimberly-Clark asserts that it is not a fiduciary under ERISA. See 29 U.S.C. § 1002(21)(A). Kimberly-Clark contends that the Plan itself, which is a separate entity responsible for making benefit decisions and managing Plan funds, is the proper defendant. See, e.g., Curcio v. John Hancock Mut. Life Ins. Co., 33 F.3d 226, 233-34 (3d Cir. 1994) (explaining that a plan and a plan fiduciary with discretionary

2002 until September 2005, Plaintiff was on a paid leave of absence due to medical problems and received disability benefits from Kimberly-Clark's insurer. Id. ¶ 12. Plaintiff alleges that in May 2002, he was "permanently disabled" and therefore eligible for Total and Permanent Disability ("TPD") Benefits under the Plan. Id. ¶ 13.

In or around January 2003, Plaintiff applied for TPD Benefits, and on May 21, 2004, Defendant informed him by letter that his application had been denied. Id. ¶ 14. Plaintiff filed a timely appeal, which was denied on April 15, 2005. Id. ¶ 20. Plaintiff then appealed that denial, and on July 12, 2005, this second appeal was denied. Id. ¶ 22. The denial letter informed Plaintiff that because he had exhausted the claims and appeals procedures under the Plan, he could either (a) file a court action pursuant to section 502(a) of ERISA, or (b) seek a "one-time special review" if he had additional information to support his claim. See July 12, 2005 Denial Letter 2, attached to Compl. at Ex. C. Plaintiff did not seek the "one-time special review" but instead filed the instant action.

Plaintiff's Complaint contains six claims for relief: (1) a claim to recover benefits under 29 U.S.C. § 1132(a)(1)(B); (2) breach of contract under 29 U.S.C. § 1132(a)(1)(B) and "the principles of federal common law"; (3) breach of fiduciary duty under 29 U.S.C. § 1132(a)(3); (4) promissory estoppel under 29 U.S.C. § 1132(a)(3) and "the principles of federal common law"; (5) negligent misrepresentation under 29 U.S.C. § 1132(a)(3) and "the principles of federal common law"; and (6) bad faith under 29 U.S.C. § 1132(a)(3), federal common law, and

---

authority or control over the plan are proper defendants under ERISA). Rather than seek dismissal on these grounds, however, Kimberly-Clark assumes for the purpose of these Motions that Plaintiff intends to sue the Plan itself. Accordingly, the Court will consider the Plan as the proper defendant because Plaintiff's claims stem from the Plan's denial of his benefits.

Pennsylvania's bad faith statute, 42 Pa. Cons. Stat. § 8371. Plaintiff also demands a jury trial on all issues that may be submitted to a jury.

## II. MOTION FOR JUDGMENT ON THE PLEADINGS

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). See, e.g., Leamer v. Fauver, 288 F.3d 532, 535 (3d Cir. 2002). Accordingly, the Court must view all facts in the light most favorable to Plaintiff and may grant the Motion only if "the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law." Id. (citing Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290-91 (3d Cir. 1988)).

### A. Counts Three Through Six

Defendant argues that Counts Three through Six of the Complaint fail as a matter of law. Defendant explains that to the extent that these claims are recognized at all,[2] Counts Three through Six must be brought pursuant to ERISA section 502(a)(3), 29 U.S.C. § 1132(a)(3). See, e.g., Burstein v. Ret. Account Plan for Employees of Allegheny Health Educ. & Research Found., 334 F.3d 365, 383-84 (3d Cir. 2003) (listing the elements for claims of estoppel and

---

[2] As Defendant points out, Plaintiff's claim for bad faith under Pennsylvania's bad faith statute is preempted by ERISA. See, e.g., Barber v. UNUM Life Ins. Co. of Am., 383 F.3d 134, 141-44 (3d Cir. 2004). Defendant also argues that courts in this district have declined to create a federal common law bad faith claim under ERISA. See, e.g., Tutolo v. Independence Blue Cross, 1999 U.S. Dist. LEXIS 6335, at *9-10 (E.D. Pa. May 5, 1999) ("[T]he Court already has found ERISA preempts the state bad faith claim. The Court will not find the federal common law, either under ERISA or outside it, can support substantially the same claim."). Although the Court need not reach these contentions, it notes that Plaintiff has failed to respond to Defendant's argument that his state or federal bad faith claims are permitted by ERISA.

breach of fiduciary duty under ERISA section 502(a)(3)); Curcio, 33 F.3d at 235 ("We have held that an employer can be liable under ERISA in its fiduciary capacity for making affirmative misrepresentations on breach of fiduciary duty and equitable estoppel theories. Here Mrs. Curcio primarily presents an equitable estoppel claim, which is authorized under ERISA pursuant to § 1132(a)(3)(B) set forth above." (citations omitted)). Because claims brought pursuant to ERISA section 502(a)(3) are limited to "appropriate equitable relief," 29 U.S.C. § 1132(a)(3)(B), Defendant contends that these claims seek relief not permitted under ERISA.

As the Supreme Court has explained, "appropriate equitable relief" under section 502(a)(3) is limited to "those categories of relief that were typically available in equity." Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 210 (2002) (quoting Mertens v. Hewitt Assocs., 508 U.S. 248, 256 (1993)). "Thus, a plaintiff seeking relief under ERISA § 502(a)(3) must tie that request to a form of relief typically available in equity." Eichorn v. AT&T Corp., 484 F.3d 644, 655 (3d Cir. 2007). "Almost invariably . . . suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages,' as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty." Great-West, 534 U.S. at 210 (quoting Bowen v. Massachusetts, 487 U.S. 879, 918-19 (1988) (Scalia, J., dissenting)). Claims for money damages are considered claims for legal, not equitable, relief. See, e.g., Mertens, 508 U.S. at 255.

Defendant contends that Plaintiff's requests for "past due contractual benefits" and "future benefits" are essentially legal claims for monetary damages which are not permitted as

"appropriate equitable relief."[3]  See, e.g., Eichorn, 484 F.3d at 655 ("As earlier noted, the plaintiffs sought a decree from the District Court requiring Lucent to adjust its pension records retroactively to create an obligation to pay the plaintiffs more money, both in the past and going forward.  The District Court rightly saw this as being, in essence, a request for compensatory damages merely framed as an 'equitable' injunction.  The Court thus rightly concluded that the requested relief is not available under § 502(a)(3)."); Young v. Reconstructive Orthopaedic Assocs., II, P.C., 2005 U.S. Dist. LEXIS 10377, at *48-49 (E.D. Pa. Mar. 16, 2005) ("Here, plaintiff seeks payment of the benefits she would have received had [the defendant] not breached its fiduciary duty to enroll her in the [long term disability plan].  This remedy does not fall within the narrow set of remedies defined by the Supreme Court as appropriate under ERISA § 502(a)(3). . . . [T]he relief plaintiff requests 'appears to be within the scope of non-equitable money damages defined by the Supreme Court as compensation for loss resulting from the defendant's breach of legal duty.'" (internal quotation marks omitted) (quoting Ranke v. Sanofi-Synthelabo, Inc., 2004 U.S. Dist. LEXIS 22427, at *20 (E.D. Pa. Nov. 2, 2004))); Tannenbaum v. UNUM Life Ins. Co., 2004 U.S. Dist. LEXIS 5664, at *19 (E.D. Pa. Feb. 27, 2004) (concluding that the plaintiff's section 502(a)(3) claim for "restitution of benefits" not permitted because "[t]he theory of Plaintiff's case is that Defendants wrongfully failed to pay him the benefits he was due under the Plan.  'A claim for money due and owing under a contract is

---

[3] In contrast, Counts One and Two seek relief under section 502(a)(1)(B), which permits a plan member to bring a civil action to recover for benefits due and for future benefits. Section 502(a)(3) is a remedial section that does not permit recovery for benefits but instead permits "appropriate equitable relief."  Thus, Defendant argues, Plaintiff's claims for "benefits" in Counts Three through Six are claims for compensatory damages because section 502(a)(3) does not permit a benefits claim.

quintessentially an action at law.'" (internal quotation marks omitted) (quoting Great-West, 534 U.S. at 210)).

Conceding that his claims for benefits are legal rather than equitable, Plaintiff contends that because he seeks "other relief as this Honorable Court deems just and proper," the Court should construe Counts Three through Six as seeking additional equitable relief, thus permitting them to survive the Motion. Notably, he fails to identify what type of equitable relief he is seeking,[4] nor does he cite a single case to support the proposition that a clause seeking generic relief is sufficient to transform the request from legal to equitable. Indeed, several courts considering these generic clauses have found them insufficient under section 502(a)(3). See, e.g., West v. AK Steel Corp. Ret. Accumulation Pension Plan, 484 F.3d 395, 403 (6th Cir. 2007) ("The prayer for relief . . . centers on money damages for the alleged underpayment of a benefit. Although the plaintiffs also request unspecified 'other relief as may be deemed just and equitable,' that phrase is found in the portion of the complaint requesting costs and attorney fees. This is insufficient to assert a proper equitable claim under § 502(a)(3) where the 'heart of the plaintiff's prayer for relief was a request for recovery of additional lump sum benefits.'" (quoting Crosby v. Bowater, Inc. Ret. Plan, 382 F.3d 587, 589 (6th Cir. 2004))); Young, 2005 U.S. Dist. LEXIS 10377, at *50 (concluding that construing the request for "all other damages recoverable under law" as a request for equitable relief would not empower the court to fashion "an equitable remedy appropriate under ERISA § 502(a)(3)" (citing Kishter v. Principal Life Ins. Co., 186 F.

---

[4] Plaintiff argues that unless he is permitted to conduct discovery, "the specific nature and extent of the required equitable relief will remain unknown." Pl.'s Resp. 6. Because the Court concludes that additional discovery is not permitted, see Section III, infra, it need not speculate what effect discovery will have on Plaintiff's request for relief.

Supp. 2d 438, 446 (S.D.N.Y. 2002))). Accordingly, Counts Three through Six fail as a matter of law because they seek relief not permitted by ERISA, and the Court will grant the Motion with respect to these counts.

**B.  Count Two**

Defendant contends that Count Two must fail because it purports to bring a claim for breach of contract under federal common law. As the Third Circuit has explained, while courts are empowered to create federal law under ERISA, "federal courts may not 'lightly create additional rights under the rubric of federal common law'; we may exercise our common law authority to fashion new ERISA causes of action only where we deem it 'necessary to fill in interstitially or otherwise effectuate the statutory pattern enacted in the large by Congress.'" Hooven v. Exxon Mobil Corp., 465 F.3d 566, 573 n.5 (3d Cir. 2006) (internal quotation marks omitted) (quoting Van Orman v. Am. Ins. Co., 680 F.2d 301, 312 (3d Cir. 1982)). Plaintiff offers no argument as to why a breach of contract claim is necessary to fill any gap in ERISA, and he cites no case recognizing the existence of a contract claim outside of ERISA. While the Third Circuit has recognized that a court may apply principles of federal contract law to an ERISA action, see id. at 572-73, courts have declined to permit a breach of contract claim to substitute for a benefits claim under section 502(a)(1)(B). See, e.g., Erbe v. Billeter, 2007 U.S. Dist. LEXIS 72835, at *34 (W.D. Pa. Sept. 28, 2007) ("[W]hen a claim is made for benefits due under a plan governed by ERISA, the claim must be brought under Section 1132(a)(1)(B) and not as a breach of contract claim; however, contract principles apply when construing the plan documents to determine the terms of the plan and whether a claimant is entitled to benefits."). Because Plaintiff's Complaint already contains a claim for benefits pursuant to ERISA section

502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), and because he offers no argument as to why a duplicative count is necessary to fill any gap created by ERISA, the Court will dismiss Count Two.[5]

### III. MOTION FOR JUDGMENT REGARDING THE PROPER SCOPE OF DISCOVERY

Defendant next argues that Plaintiff's requests for discovery[6] should be denied because the Court should confine its review to the administrative record before the Plan when it rendered its decision. As Defendant explains, Section 7.7 of the Plan gives the Plan Administrator discretionary authority to interpret the terms of the Plan. See Plan § 7.7, attached to Def.'s Mot. at Ex. A. Accordingly, Defendant contends that because "the benefit plan gives the administrator . . . discretionary authority to determine eligibility for benefits," the arbitrary and capricious standard of review applies. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); see also Post v. Hartford Ins. Co., 501 F.3d 154, 160-61 (3d Cir. 2007). "Under the arbitrary and capricious standard, 'the district court may overturn a decision of the Plan administrator only if it is without reason, unsupported by the evidence or erroneous as a matter of law.'" Mitchell v.

---

[5] Additionally, because Plaintiff is not entitled to a jury trial on his remaining claim for benefits under ERISA section 502(a)(1)(B), Cox v. Keystone Carbon Co., 894 F.2d 647, 649 (3d Cir. 1990), the Court will dismiss his demand for a jury trial. To the extent that Plaintiff is seeking punitive damages under ERISA, the Court will dismiss his request because such damages are not permitted. See, e.g., Pane v. RCA Corp., 868 F.2d 631, 635 n.2 ("Punitive damages are not available under Pane's federal claim. It has been consistently held that section 502(a) of ERISA, 29 U.S.C. § 1132(a) does not authorize such relief.").

[6] Specifically, Plaintiff seeks to depose a medical doctor who reviewed his claim, and he also seeks to submit additional medical records not given to the Plan when it denied his claim.

Eastman Kodak Co., 113 F.3d 433, 439 (3d Cir. 1997) (internal quotation marks omitted) (quoting Abnathya v. Hoffmann-La Roche, Inc., 2 F.3d 40, 45 (3d Cir. 1993)).  When evaluating the administrator's decision, the Court must confine its review to the evidence before the Plan Administrator when it made its decision.  See, e.g., id. at 440 ("Under the arbitrary and capricious standard of review, the 'whole' record consists of that evidence that was before the administrator when he made the decision being reviewed.").  Defendant argues, therefore, that the Court should not permit discovery as to facts outside the administrative record because any facts discovered are beyond the scope of this Court's review.

In response, Plaintiff contends that because Defendant made its decision under unspecified "conflicts of interest," the Court should modify the standard of review and permit additional discovery under a de novo standard.  See, e.g., Metro. Life Ins. Co. v. Glenn, 128 S. Ct. 2343, 2348 (2008) ("If 'a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a factor in determining whether there is an abuse of discretion.'" (internal quotation marks omitted) (quoting Firestone, 489 U.S. at 115)).[7]  In support of his argument, he cites a number of cases in which courts have modified the standard of review in cases where the plan administrator operates under a conflict of interest.  See, e.g., id. (explaining that in cases where an employer both funds the plan and evaluates the claims, heightened scrutiny is required because the employer operates under a

---

[7] The Court notes that the very case Plaintiff cites undermines his argument as to the applicable standard of review.  See Metro. Life, 128 S. Ct. at 2350 ("We do not believe that Firestone's statement implies a change in the standard of review, say, from deferential to de novo review.  Trust law continues to apply a deferential standard of review to the discretionary decisionmaking of a conflicted trustee, while at the same time requiring the reviewing judge to take account of the conflict when determining whether the trustee, substantively or procedurally, has abused his discretion.").

conflict of interest); Goldstein v. Johnson & Johnson, 251 F.3d 433, 442 (3d Cir. 2001) (rejecting Firestone's deferential standard of review for "top hat" plans because administrators of such plans are not fiduciaries); Pinto v. Reliance Standard Life Ins. Co., 214 F.3d 377, 387 (3d Cir. 2000) ("Informed by our canvass of the jurisprudence, we are persuaded that heightened scrutiny is required when an insurance company is both plan administrator and funder."). The cited cases do not aid Plaintiff's argument, however, because the employer-funded Plan in this case provides that its assets are held in a separate trust fund and administered by the Plan's trustees. See Plan §§ 6.2, 8.1, attached to Def.'s Reply at Ex. A.[8] Accordingly, there is no risk that the Plan has any financial interest in denying otherwise meritorious claims for benefits. As the Third Circuit has explained, "a typical employer-funded ERISA benefits plan does not create the sort of conflicts of interest that demand a heightened arbitrary and capricious review." Vitale v. Latrobe Area Hosp., 420 F.3d 278, 282 (3d Cir. 2005).

Moreover, even if the Court were persuaded that the decision were subject to a heightened standard of review due to a conflict of interest (it is not),[9] and even if this higher standard of review were a de novo standard (it is not), Plaintiff would not be entitled to discovery because any additional evidence to be discovered must relate to "evidence of potential biases or

---

[8] Plaintiff asserts that Defendant both funds the Plan and makes benefit decisions. The Plan itself makes clear that Kimberly-Clark Corporation (the entity that Plaintiff named "Defendant") funds the plan, while Kimberly-Clark Corporation Pension Plan (the proper "Defendant") makes benefit decisions. Accordingly, the Court rejects Plaintiff's factual assertion.

[9] Plaintiff also advances the argument that additional discovery should be permitted because of "procedural bias," but the Complaint is devoid of any allegation to support such a theory, and his only argument with respect to the benefits determination procedure is that he disagrees with its outcome. That the Plan rendered a decision with which he does not agree does not make the process procedurally biased.

conflicts of interest not found in the administrator's record." Kosiba v. Merck & Co., 384 F.3d 58, 67 n.5 (3d Cir. 2004); see also Otto v. W. Pa. Teamsters & Employers Pension Fund, 127 F. App'x 17, 21 n.7 (3d Cir. 2005) ("Evidence beyond the administrative record may in certain circumstances be relevant and admissible as to issues that were not before the plan administrator—such as trustee conflict of interest, bias, or a pattern of inconsistent benefits decisions."). In this case, Plaintiff seeks to introduce new medical evidence that was not provided to the Plan Administrator. This evidence is not relevant to any alleged conflict of interest or bias but instead supplements information provided to Defendant when it rendered its decision.

As Defendant clearly explained to Plaintiff after the final decision, he could either (a) bring an action in this Court, or (b) seek a "one time only" review in which he could present any additional information to support his claim for benefits. Rather than request a final review hearing at which he could present any additional information he was able to uncover, he chose to file this action, thereby closing the administrative record. Plaintiff provides no reason for the Court to review Defendant's decision under the "arbitrary and capricious" standard while considering evidence neither presented to nor considered by Defendant.[10] See Abnathya v. Hoffman-La Roche, Inc., 2 F.3d 40, 48 n.8 (3d Cir. 1993) ("Abnathya argues that the three additional medical evaluations submitted to Hoffmann in February of 1991 support her claim of continued disability. However, none of these evaluations were submitted until months after the

---

[10] Plaintiff also requests that the Court remand the matter so that the Plan may consider this new evidence, but cites no case to support the argument that the Court may force Defendant to reconsider the claim after all administrative remedies have been exhausted. Defendant's offer for a "one time only" review expired after Plaintiff filed this action, and the Court has no authority to require Defendant to extend the offer a second time.

Committee's final decision to affirm the discontinuation of Abnathya's benefits. Thus, these evaluations cannot be considered by the court in deciding whether the discontinuation of Abnathya's benefits was arbitrary and capricious.").

## IV.  CONCLUSION

For the reasons discussed above, the Motion for Judgment on the Pleadings will be granted, and Counts Two through Six will be dismissed. Additionally, the Motion for Judgment on the Scope of Discovery will be granted, and discovery in this case shall be limited to the administrative record presented to Defendant. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN J. THOMAS | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-3899 |
| | : | |
| KIMBERLY-CLARK CORPORATION | : | |

**ORDER**

**AND NOW**, this 20th day of November, 2008, upon consideration of Defendant's Motion for Judgment on the Pleadings (docket no. 15), and all responses thereto, it is **ORDERED** that the Motion is **GRANTED**. Accordingly, Counts Two, Three, Four, Five, and Six are **DISMISSED**. Upon consideration of Defendant's Motion for Judgment Regarding the Proper Scope of Discovery (docket no. 17), it is **ORDERED** that the Motion is **GRANTED**. Accordingly, discovery in this matter shall be limited to the administrative record presented to Defendant when it denied Plaintiff's request for benefits.

BY THE COURT:


S/ BRUCE W, KAUFFMAN
BRUCE W. KAUFFMAN, J.